UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Makyla Hathorn, *et al.*, | 2:14-cv-01095-JAD-PAL |
| Plaintiffs | **Order Denying Defendants' Request for Attorney Fees [ECF 27]** |
| v. | |
| Clark County School District, *et al.*, | |
| Defendants | |

    Makyla Hathorn and her mother Sheena Hathorn sued the Clark County School District and several school employees, asserting a handful of 42 USC § 1983 and state-law claims arising from an alleged schoolyard-bullying incident.[1] Defendants moved to dismiss plaintiffs' claims, and I granted their motion without prejudice to plaintiffs' ability to file an amended complaint within 20 days. Plaintiffs did not file an amended complaint, so I dismissed the case with prejudice.[2] Defendants now move for attorney's fees.[3] Because defendants have not met the high standard for an award of fees, especially in light of plaintiffs' decision not to file an amended complaint, I deny defendants' motion.[4]

**Background**

    Plaintiffs' complaint contained seven claims for relief: (1) "Violation of Title VI: Civil Rights 42 U.S.C. § 1983: Deprivation of Plaintiffs['] Rights", (2) "Violation of Title IX: Education Amendments of 1972, 20 U.S.C. § 1681 Discrimination", (3) "Public Policy Tort", (4) "Negligent Hiring, Supervision, and/or Training or Employees", (5) "Race Discrimination and Bullying pursuant to NRS 651 *Et. Seq.*, 338 *Et Seq.* And 391 *Et Seq.*", and (6) "Intentional Infliction of Emotional

---

[1] ECF 1.

[2] ECF 26.

[3] ECF 27.  Defendants did not file a reply in support of their motion.

[4] I find this motion suitable for disposition without oral argument.  L.R. 78-2.

Distress."[5]

At oral argument, I pressed plaintiffs to factually support their claims. Plaintiffs' counsel responded that he had only the information provided to him by his 11-year old client, Makyla, and would need discovery to further substantiate the claims. I reminded plaintiffs' counsel, "Rule 11 requires you to have that support before you file[] a claim"; "you can't use [a complaint] as a fishing expedition . . . you have to be able to satisfy Rule 11 to state a claim like this before you're permitted to go do [] discovery."

Also at oral argument, plaintiffs conceded dismissal of two claims: (1) Gender-based discrimination (Claim Two) and (2) Public Policy Tort (Claim Three). Finding that all of plaintiffs' remaining claims were factually or legally insufficient, I dismissed the complaint in its entirety. I granted plaintiffs leave to amend claims one, four, and six.[6] Plaintiffs declined to file an amended complaint, so I ultimately dismissed their complaint with prejudice and closed the case.[7] Defendants now move for attorney's fees under NRS § 18.010(2) and 42 USC § 1988(b).

## Discussion

**A.     Standard for Awarding Attorney's Fees under NRS § 18.010(2) and 42 USC § 1988(b)**

The American Rule recognizes that each party in litigation must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award of fees.[8] NRS 18.010(2)(a) allows a court to award attorney's fees to a prevailing party who has not recovered more than $20,000. Subsection (b) of that same statute permits a court to award attorney's fees without regard to the recovery sought when it finds that a "claim. . . was brought or maintained without reasonable ground

---

[5] ECF 1 at 6–10.

[6] I dismissed the two claims conceded by plaintiff—gender discrimination and public policy tort—with prejudice, as well as plaintiffs' claim for race discrimination and bullying under Nevada law because the Nevada statutes cited by plaintiffs do not create a private cause of action.

[7] ECF 26.

[8] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

or to harass the prevailing party."[9]  In order to support an award of fees under this subsection, "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party."[10]  A groundless claim is one that is either "not well grounded in fact and warranted by existing law, or which the plaintiff brings without a good faith argument for the extension, modification, or reversal of existing law."[11]

Section 42 USC § 1988(b) allows district courts to award attorney's fees to the prevailing party in § 1983 cases.  But attorney's fees in civil-rights cases should only be awarded to a defendant in exceptional circumstances.[12]  A defendant may only recover attorney's fees if the plaintiff's action was "frivolous, unreasonable, or without foundation."[13]  An action becomes frivolous when the result appears obvious or arguments are wholly without merit, and a defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at the inception.[14]

**B.    Defendants have not shown that they are entitled to fees under either statute.**

Defendants argue that they are entitled to fees because plaintiffs' complaint was patently frivolous.[15]  Defendants point out that plaintiffs lacked facts and legally cognizable theories to support their claims and that "[t]he entire [c]omplaint was based on the subjective belief of an eleven year old."[16]  Plaintiffs respond that defendants are not entitled to fees because the record lacks any finding that the complaint was frivolous and, after careful consideration, plaintiffs declined to file an

---

[9] NEV. REV. STAT. §18.010(2)(a)–(b).

[10] *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (citations omitted).

[11] *Simonian v. Univ. & Cmty. Coll. Sys.*, 128 P.3d 1057, 1063–65 (Nev. 2006).

[12] *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

[13] *Id.* (internal citations omitted).

[14] *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

[15] ECF 27 at 4.

[16] *Id.*

amended complaint despite having leave to do so.[17]

Defendants are not entitled to fees under either statute because they have not demonstrated that plaintiffs' claims were patently frivolous and there is no evidence in the record that plaintiffs filed suit to harass defendants. Plaintiffs' counsel represented at oral argument that he attempted to factually support plaintiffs' claims, but lacked inside information about the school's disciplinary processes and only knew the facts as 11-year old Makyla understood them. Plaintiffs' counsel also promptly conceded dismissal of the public policy and gender discrimination claims at oral argument. And, even though I granted plaintiffs leave to amend, they declined to file an amended complaint "after prudent consideration."[18] While plaintiffs' complaint suffered from factual and legal deficiencies and was ultimately dismissed in its entirety, I decline to exercise my discretion to award fees. There is no indication that plaintiffs filed suit to harass the defendants or that their claims are patently frivolous. Further, plaintiffs conceded several claims at oral argument and declined to file an amended complaint despite having leave to do so.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defendants' motion for attorney's fees **[ECF 27]** is **DENIED.**

Dated this 6 day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[17] ECF 28 at 4.

[18] *Id.* at 4.